**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Len Don Whitman,<br><br>　　　　Petitioner,<br><br>v.<br><br>USA,<br><br>　　　　Respondent. | No. CV-16-01696-PHX-GMS<br>No. CR-92-00314-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Petitioner Len Don Whitman's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. s 2255 (Doc. 1). On August 17, 2018, Magistrate Judge Eileen S. Willett issued a Report and Recommendation ("R&R") recommending that the motion be denied and dismissed with prejudice. (Doc. 31). Mr. Whitman filed timely objections to the R&R. For the following reasons, the Court will deny Petitioner's Motion and accept the recommendation of the R&R.

## BACKGROUND

Because no party has objected to the factual and procedural background as set forth in the R&R, the Court adopts the background as an accurate account.

## DISCUSSION

Whitman asserts that when he was sentenced for a sexual abuse conviction, the Court improperly used his prior Arizona robbery conviction in determining that he was a criminal offender for sentencing purposes. Because the Supreme Court has not recognized the right that Whitman seeks to assert, the Court will deny his petition as untimely.

## I. Legal Standard

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). "[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## II. Analysis

### A. Sentencing Guidelines

To qualify as a career offender for sentencing guidelines, a person must have two prior convictions that qualify either as a "crime of violence" or a "controlled substance offense." The instant offense must also be a felony that qualifies as a "crime of violence" or a "controlled substance offense." *See* U.S.S.C. § 4B1.1. Under the sentencing guidelines, a "crime of violence" is defined as a crime that is punishable by a term exceeding one year that:

> a. has as an element the use, attempted use, or threatened use of physical force against the person of another, U.S.S.G. § 4B1.2(a)(1) or;
>
> b. is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of injury to another,

*See* U.S.S.G. § 4B1.2(a)(2). The first prong of this definition is commonly referred to as the "force clause." The second prong is split into two clauses, the first part is known as the "enumerated offenses clause," and the second part is known as the "residual clause." The Supreme Court recently held in *Johnson v. United States*, 135 S. Ct. 2551 (2015), that the residual clause in the Armed Career Criminal Act, 18 U.S.C. § 924(e), was unconstitutionally vague. The residual clause at issue in *Johnson* is nearly identical to the one in the sentencing guidelines.

/ / /

### B. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides a one-year statute of limitations for petitions filed under 28 U.S.C. § 2255, which runs from the latest of four possible dates. Two of those dates are relevant to Whitman's Motion. Typically, the one-year statute of limitations runs from "the date on which the judgment of conviction becomes final." *Id.* (f)(1). For Whitman, his conviction became final in 1992, so the current motion is not timely under that measure. But § 2255 also recognizes that the statute of limitations may also run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Id.* (f)(2). Whitman argues that because the Supreme Court recently recognized a new right in *Johnson v. United States*, he may now bring his petition for relief under § 2255.

The Ninth Circuit's recent decision in *United States v. Blackstone*, 903 F.3d 1020 (9th Cir. 2018) controls the outcome of this case. There, the Ninth Circuit held that "*Johnson* did not recognize a new right applicable to the mandatory Sentencing Guidelines on collateral review." *Id.* at 1028; *see also Beckles v. United States*, 137 S. Ct. 886, 903 n.4 (2017) (Sotomayor, J., concurring in judgment) (noting that the Court's decision "leaves open the question" of whether defendants sentenced under the mandatory guidelines "may mount vagueness attacks on their sentences."). Because that is the exact same right that Whitman seeks to assert here, the Court must deny his petition for relief under § 2255 as untimely.

And because the Ninth Circuit's recent decision in *Blackstone* creates a plain procedural bar, the Court will not issue a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("Where a plain procedural bar is present . . . a reasonable jurist could not conclude . . . that the petitioner should be allowed to proceed further.").

/ / /

/ / /

**IT IS THEREFORE ORDERED** that Magistrate Judge Willett's R&R (Doc. 31) is accepted.

**IT IS FURTHER ORDERED** that Whitman's Motion to Vacate, Set Aside or Correct Sentence (Doc. 1) is **DENIED AND DISMISSED WITH PREJUDICE**.

**IT IS FUTRHER ORDERED** directing the Clerk of Court to terminate this action and enter judgment accordingly.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, in the event Movant files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 12th day of February, 2019.

_____
G. Murray Snow
Chief United States District Judge